ED-7
FILED FOR DOCKETING
04 FEB 10 PM 3:56
JANICE KASPER
CLERK
U.S. DISTRICT COURT

DOCKETED
FEB 11 2004

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JANICE KASPER, )
            Plaintiff, )
                      )    04C 1041
        v.            )
                      )
CITY OF CHICAGO, POLICE OFFICER R. )
TURNER, POLICE OFFICER JEDRY, SERGEANT )   JUDGE [illegible]
HANLON, and OTHER AS-YET UNKNOWN )
CHICAGO POLICE OFFICERS, )
                      )    MAGISTRATE [illegible]
            Defendants. )

## COMPLAINT

NOW COMES Plaintiff, JANICE KASPER, by her attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, POLICE OFFICER R. TURNER, POLICE OFFICER JEDRY, SERGEANT HANLON, and OTHER AS-YET UNKNOWN CHICAGO POLICE OFFICERS (henceforth collectively known as "Defendant Officers"), in their individual capacities, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This case involves an allegation by a 23-year Chicago Police Officer that another Chicago Police Officer used torture against her in the course of an unlawful off-duty arrest.

### Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

### Background

5. For the past twenty-three years, Ms. Kasper has been employed as a police officer for the Chicago Police Department.

6. On July 14, 2002, Plaintiff and her brother had an argument outside of her mother's house, located at 5530 S. Mayfield Avenue, Chicago, Illinois, during which her brother grabbed her by the neck and held her head over the railing. Eventually, Plaintiff was able to release herself from her brother's grasp and escape to her vehicle.

7. Apparently a neighbor had witnessed the struggle and called the police, and shortly thereafter a Chicago police vehicle arrived.

8. Before the responding officers went inside the house to speak with her brother, Plaintiff informed them of who she was and what had occurred.

9. Plaintiff waited outside in her vehicle with her five year-old son for approximately twenty minutes before she had to take him home to use the restroom.

10. At home, Plaintiff made several calls to Chicago's "311" in order to make a battery report.

11. Finally, around 11:00 p.m., two Chicago Police Officers, now known to be Defendant Police Officers Turner, star number 17268, and Jedry, star number 19144, arrived at her home.

12. Defendants Turner and Jedry rang Plaintiff's doorbell and she came out to speak with them. Defendants Turner and Jedry asked her to have a seat on the porch while they went to call a supervisor, as is Chicago's practice when incidents involve a police officer.

13. Shortly thereafter Defendant Hanlon, star number 2464, arrived, and the three Defendant Officers spoke while Plaintiff remained sitting on her porch with her son.

14. The Defendant Officers then proceeded to approach and grab Plaintiff from the porch, pushing her to the ground and handcuffing her.

15. When Plaintiff asked what was going on, the Defendant Officers replied "none of your business."

16. The Defendant Officers escorted Plaintiff into the police vehicle, and in the process they hit her head and leg on the vehicle. One of the Defendants then took a lit cigarette and maliciously jabbed it into her wrist, causing a burn.

17. Further, after Plaintiff was placed in the vehicle, one of the Defendant Officers stated words to the effect

of, "fuck that bitch I saw her knock you down." At which point, one of the Defendant Officers fell to the ground.

18. After Plaintiff's arrest she complained that the handcuffs were too tight and asked that they be loosened, but her requests were ignored.

19. Defendants first took Plaintiff to the 8th District Police Station where she was charged with several counts of battery. Plaintiff was then transferred to the female lock-up facility where she remained for more than 24-hours.

20. Plaintiff later learned that her brother was called to the station during her detention, but that he was refused permission to see her. Further, the Defendant Officers had him sign two blank criminal complaint forms (with no charge or description filled out) despite that he informed them that he did not want to press criminal charges against his sister.

21. Further, while in the lock-up facility, Plaintiff requested, and was denied, medical treatment for the increasing pain and swelling in her hand.

22. At Plaintiff's first court appearance, the battery charge relating to her brother was dismissed; however, the Defendant Officers continued their efforts to have Plaintiff prosecuted on the remaining charges despite their knowledge that she had not committed any battery.

23. In June 2003 the case went to trial and Plaintiff was found not guilty of all charges.

4

24. As a result of the Defendant Officers' use of excessive force, Plaintiff suffered physical injuries, including severe bruising to her arm and hands, a loss of feeling in her fingers, scrapes, and a burn, as well as emotional, financial, and professional damages.

## COUNT I - 42 U.S.C. § 1983

### Excessive Force

25. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

26. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, constituted excessive force in violation of the United States Constitution.

27. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by

5

failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

  b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

  e. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

## COUNT II - Supplemental State Law Claim

### Battery

30. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

31. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting within the scope of their employment as police officers, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

32. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's rights.

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

34. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## Count III - 42 U.S.C. § 1983

### False Arrest/Unlawful Detention

35. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

7

36. As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

39. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

### COUNT IV - Supplemental State Law Claim

### False Imprisonment

40. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

41. Plaintiff was arrested and imprisoned, and thereby had her liberty to move about unlawfully restrained, despite the Defendant Officers' knowledge that there was no probable cause for doing so.

42. The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

43. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

44. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count V - Supplemental State Law Claim

### Malicious Prosecution

44. Plaintiff realleges each of the foregoing paragraphs as if fully stated herein.

45. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

46. The Defendants accused Plaintiff of various crimes knowing those accusations to be without probable cause, falsified reports, and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

47. The Defendants' statements to the prosecutors were made with knowledge that they were false and perjured. In so doing, the Defendants fabricated evidence and withheld exculpatory information.

9

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental stress and anguish.

50. All of the misconduct described in this Complaint was undertaken within the scope of Defendants' employment such that Defendants' respective employers are liable for the torts of their agents.

### COUNT VI - Supplemental State Law Claim

### Respondeat Superior

51. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

52. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

53. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT VII - Supplemental State Law Claim

### Indemnification

54. Plaintiff realleges each of foregoing Paragraphs as if fully stated herein.

55. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, JANICE KASPER, respectfully requests that this Court enter judgment in her favor and against Defendants, CITY OF CHICAGO, POLICE OFFICER R. TURNER, POLICE OFFICER JEDRY, SEREANT HANLON, and OTHER AS-YET UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against POLICE OFFICER R. TURNER, POLICE OFFICER JEDRY, SEREANT HANLON, and OTHER AS-YET UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JANICE KASPER, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

LOEVY & LOEVY
Arthur Loevy
Jon Loevy
Jon Rosenblatt
Amanda Antholt
312 North May Street
Suite 100
Chicago, IL 60607

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**



**DOCKETED**
FEB 1 1 2004

## Civil Cover Sheet

*Stamp:* ED-7 FILED FOR DOCKETING 04 FEB 10 PM 3:56 U.S. DISTRICT COURT CLERK

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): Janice Kasper**

County of Residence: Cook

Plaintiff's Atty:    Loevy & Loevy
                        312 N. May St., Suite 100
                        Chicago, Il. 60607
                        (312) 243-5900

**Defendant(s): City of Chicago, Police Officer R. Turner, Police Officer Jedry, Sergeant Hanlon, and other as-yet Unknown Chicago Police Officers**

County of Residence:

Defendant's Atty:

---

II. Basis of Jurisdiction:     **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
(Diversity Cases Only)
          Plaintiff:- **N/A**
          Defendant:- **N/A**

**04C 1041**

IV. Origin :                 **1. Original Proceeding**       **JUDGE AMY ST. EVE**

V. Nature of Suit:          **440 Other Civil Rights**

VI. Cause of Action:       **42 U.S.C. Section 1983**

                                                  **MAGISTRATE JUDGE ASHMAN**

VII. Requested in Complaint
         Class Action:
         Dollar Demand:
         Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

**Signature:** _____

**Date:** 2/10/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**     Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**DOCKETED** FEB 11 2004

In the Matter of

Janice Kasper
v.
City of Chicago, Police Officer Al Turner, Police Officer Jedry, Sergeant Hanlon, and other as-yet Unknown Chicago Police Officers

Case Number: 04 C 1041

FILED FOR DOCKET 04 FEB 10 PM 3:56
CLERK U.S. DISTRICT COURT

JUDGE AMY ST. EVE

MAGISTRATE JUDGE ASHMAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, Janice Kasper

### (A)
- SIGNATURE: [signed]
- NAME: Jon Loevy
- FIRM: Loevy & Loevy
- STREET ADDRESS: 312 N. May St., Suite 100
- CITY/STATE/ZIP: Chicago, IL 60607
- TELEPHONE NUMBER: (312) 243-5900
- FAX NUMBER: (312) 243-5902
- E-MAIL ADDRESS:
- IDENTIFICATION NUMBER: 02618254
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☑ NO ☐

### (B)
- SIGNATURE: [signed]
- NAME: Arthur Loevy
- FIRM: Same
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- FAX NUMBER:
- E-MAIL ADDRESS:
- IDENTIFICATION NUMBER: 1682479
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☐ NO ☑
- DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐

### (C)
- SIGNATURE: [signed]
- NAME: Amanda Antholt
- FIRM: Same
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- FAX NUMBER:
- E-MAIL ADDRESS:
- IDENTIFICATION NUMBER: 00891578
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☐ NO ☑
- DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐

### (D)
- SIGNATURE: [signed]
- NAME: Jon Rosenblatt
- FIRM: Same
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- FAX NUMBER:
- E-MAIL ADDRESS:
- IDENTIFICATION NUMBER: 6270519
- MEMBER OF TRIAL BAR? YES ☑ NO ☐
- TRIAL ATTORNEY? YES ☐ NO ☑
- DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐